(No. 10900.)

LOTTIE NICHOLS, Plaintiff in Error, *vs.* LEONARD H. ROACH, Defendant in Error.

*Opinion filed December 21, 1916—Rehearing denied Feb. 7, 1917.*

1. DEEDS—*inadequacy of consideration, alone, is not ground for setting aside a deed.* Inadequacy of consideration, alone, is not a ground for setting aside transfers of property between persons capable of contracting unless it is so gross as to shock the conscience and furnish evidence of fraud.

2. SAME—*grantee not required to inform grantor of the value of her interest.* Where there is no fiduciary relation between the parties nor any circumstance requiring the grantee to inform the grantor of the value of her interest in an estate which she assigns to him he is not required to do so, and if the transaction is entirely free from fraud or wrongdoing upon the part of the purchaser he may obtain the property as cheaply as he can and the owner has a right to sell for any consideration, however small, and the courts cannot interfere although it appears to have been an unwise transaction on the part of the seller.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

GEORGE W. WILBUR, for plaintiff in error.

ROBERT F. KOLB, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Cook county dismissed for want of equity the bill filed by the plaintiff in error, Lottie Nichols, against the defendant in error, Leonard H. Roach, praying the court to set aside transfers executed by her to him of her interest in two lots in Chicago. The right to the relief sought for was based on alleged inadequacy of consideration, ignorance on the part of the complainant of her rights in the premises and charges of fraud on the part of the defendant, which were denied by the answer. The cause

was referred to a master in chancery, who reported the evidence with his conclusions of fact that while the consideration paid for the transfers was considerably less than the interest of the complainant was reasonably worth, yet the consideration was fixed by her under legal advice without any suggestion on the part of the defendant, and there was no actual fraud and no such inadequacy of consideration as would constitute evidence of fraud. His conclusion of law was that the bill should be dismissed for want of equity. Exceptions to the report were overruled and a decree was entered in accordance therewith.

The lots in question had been owned by Samuel S. Nichols, who died intestate on August 3, 1893, leaving Catherine E. Nichols, his widow, and Franklin S. Nichols, John W. Nichols, Andrew E. Nichols, Sarah E. Nichols and Jennie Nichols, his children and heirs-at-law. Catherine E. Nichols was life tenant of the lots, and a widow's award of $966 was allowed to her and never paid. The five children each inherited an undivided one-fifth interest in the lots subject to the life estate of the widow, and her widow's award was a charge on the premises. Franklin S. Nichols was the husband of the complainant, and he died intestate on May 25, 1909, leaving his widow, the complainant, and his mother and four brothers and sisters, his heirs-at-law. On June 15, 1909, the complainant petitioned the probate court of Cook county for the appointment of Jennie Nichols as administratrix of the estate of complainant's husband, Franklin S. Nichols, and she was appointed and letters of administration were issued to her. A widow's award of $1000 was allowed to the complainant, which was never paid, and there was no other property of the estate except the interest of her deceased husband in the lots. On June 2, 1913, John W. Nichols and Andrew E. Nichols filed in the circuit court their bill for partition of the premises and Jennie Nichols was appointed receiver. On August 12, 1913, Jennie Nichols, the administratrix, filed her petition

in the probate court for leave to sell the interest of Franklin S. Nichols in the real estate to pay the widow's award. The widow, Catherine E. Nichols, died on April 16, 1913, and her life tenancy came to an end. Neither of the estates was ever settled and all the proceedings above mentioned were pending in court when the transactions between the complainant and defendant occurred. In August, 1914, the defendant was making an effort to find the complainant, and while she was visiting at Mason City, Iowa, she received a letter from him, to which she replied, saying that she had just got his letter stating that there were some estates to be settled up and asking him about the matter. He replied on August 15, 1914, stating that, as she knew, there were six heirs to the property,—five children and the widow, who had the dower interest,—and that the interest of the complainant's husband went to his brothers, his mother and the complainant, and he was trying to clear up the title. He also stated that the estates of Samuel S. Nichols, Catherine E. Nichols and Franklin S. Nichols had not been wound up and that he was willing to purchase her share, which would not amount to a great deal, and if she would write to him what she thought she ought to have he would give it to her, if it was satisfactory. The complainant wrote in reply that her husband always claimed $2000 in the estate of his father, and she thought she ought to have $200 or $300, and a lawyer told her that she could get that. The defendant wrote on August 19, 1914, that he would pay the complainant $200 in full for her interest in the property, and she went to a bank designated by the defendant and executed a quit-claim deed and an assignment of accrued rent, together with an affidavit that she had not previously transferred or incumbered the property and there was no judgment against her, and she received the $200. The defendant wrote the complainant again on August 26, 1914, that there were three estates to be closed and he sent her an assignment of her widow's award. She

wrote him on September 1, 1914, that she thought he ought to send her $100 and she would sign up all her claims to the heirship of the property. The defendant sent her $100 and she executed an assignment of the widow's award and another affidavit that she had not before that time executed any assignment of her interest in the estate. The parties never met and the entire negotiation and all representations were contained in letters. The market value of the premises for a clear marketable title was found by the master to be $8000 or $9000, and that conclusion was justified by the evidence.

The complainant's interest in the property was manifestly not of the same value as it would have been if the estates had been settled and the pending partition suit and receivership disposed of, but even in the unsettled and complicated condition of the title it was worth much more than the amount paid. Inadequacy of consideration, however, standing alone, is not ground for setting aside transfers of property between persons capable of contracting. Unless the inadequacy is so gross that it shocks the conscience and furnishes satisfactory and decisive evidence of fraud a court of equity cannot interfere to set aside the transaction, and if the inadequacy is so gross as to furnish evidence of fraud the transfer is set aside only by reason of the fraud. (*Witherwax* v. *Riddle,* 121 Ill. 140; *Perry* v. *Pearson,* 135 id. 218; 2 Pomeroy's Eq. Jur. sec. 927.) That the plaintiff was ignorant of the value of her interest in the property is undoubtedly true, but there was no fiduciary relation existing between her and the defendant or any circumstance that required him to inform her of the value. There was no false assertion by the defendant of any fact, either as to the value of the property, the condition of the title or as to any other particular affecting the transaction. All that can be said is that the complainant neglected to inform herself of the value of the property as she might have done, but appears to have acted upon what her husband had said

during his lifetime about his interest in his father's estate, and the advice of counsel to which she referred was undoubtedly based on her own statement of the information derived from her husband. If a transaction is entirely free from fraud or wrongdoing on the part of a purchaser he may obtain property as cheaply as he can and the owner has a right to sell it for any consideration, however small, and the courts cannot interfere although it may appear to have been an unwise transaction on the part of the seller.

The decree is affirmed.         *Decree affirmed.*